O. Shane Balloun (Wyoming Bar #7-4970)
Balloun Law Professional Corporation
355 Harris Avenue, Suite 201
Bellingham, Washington 98225
(360) 318-7778 | (360) 989-8879
(360) 318-7798 (fax)
o.shane@ballounlaw.com

**Attorney for Plaintiff**

# UNITED STATES DISTRICT COURT

## DISTRICT OF WYOMING

| | |
|---|---|
| **JL Wilkins,** | No. 1:22-cv-00204 |
| PLAINTIFF; | **Complaint for Violation of Titles VI, VII, and IX of the Civil Rights Act of 1964, Deprivation of First and Fourteenth Amendment Rights pursuant to 42 U.S.C. § 1983, Violation of Wyoming Statute 27-9-105 Prohibiting Discrimination in Employment, and Violation of University of Wyoming Regulation 4-1.** |
| *v.* | |
| **The University of Wyoming**; **Ed Seidel**, in his official capacity as President of the University of Wyoming; **Kim Chestnut**, in her official capacity as Interim Vice President for Diversity, Equity, and Inclusion; **Parag Chitnis**, in his official capacity as Vice President for Research and Economic Development; and **H. Victoria Bryant**, in her official capacity as Director of the Wyoming Technology Transfer and Research Products Center | |
| DEFENDANTS. | |

Plaintiff JL Wilkins alleges:

## INTRODUCTION

1. In May 2015, Mr. Wilkins began working for the Wyoming Technology Transfer and Research Products Center ("RPC") at the University of Wyoming as a paid intern Patent Research Analyst.

2.  Mr. Wilkins's internship was during the time in which he was in law school at the University of Wyoming College of Law.

3.  Mr. Wilkins graduated from the University of Wyoming College of Law in May 2017 with his *juris doctor* and was admitted to the Wyoming Bar (#7-5856) on September 29, 2017 as a licensed attorney.

4.  The University of Wyoming retained Mr. Wilkins as an Intellectual Property Analyst as an employee for the next four years until September 8, 2021.

5.  The University of Wyoming terminated Mr. Wilkins in retaliation for filing a discrimination complaint he filed earlier in 2021.

## THE PARTIES

6.  JL Wilkins (his legal name), né Jeffrey Lynn Wilkins, a.k.a. Jeffrey L. Wilkins, is a citizen of Pennington County, South Dakota.

7.  The University of Wyoming and its departments, including the Wyoming Technology Transfer and Research Products Center, are altogether a political subdivision of the State of Wyoming, established under the State Constitution. *See* WYO. CONST. art. 7, § 15; *see also* Wyo. Stat. § 21-17-101.

8.  Defendants Ed Seidel, Kim Chestnut, Parag Chitnis, and H. Victoria Bryant are president, interim vice president for diversity, equity and inclusion, vice president for research and economic development, and director of the RPC, respectively. Each defendant is sued in his or her official capacity for the University of Wyoming.

## JURISDICTION AND VENUE

9.  **Subject Matter Jurisdiction.** This case is within the original jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331 and 1343.

10. **Supplemental Jurisdiction.** This Court also has supplemental jurisdiction under 28 U.S.C. § 1367(a) over the other non-federal question claims in this case because they are so related to the federal claims that they form part of the same case or controversy.

11. **Venue.** Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)–(2), (c)(2), because Defendant is deemed to reside in the District and because a substantial part of the

events and omissions giving rise to Plaintiff's claims occurred in this District.

## FACTS

**12.** At the time JL Wilkins was offered an internship at the University of Wyoming RPC on May 20, 2015, then-Director Davona K. Douglass noted that although the position was only through summer 2015, the RPC would "evaluate our budget and our personnel situation to determine if we can extend your position here."

**13.** In fact, Mr. Wilkins's internship continued through the end of law school (May 2017) because Director Douglass was impressed with his qualifications and capabilities.

**14.** Thereafter, the University of Wyoming RPC extended Mr. Wilkins the opportunity to continue as a paid part-time employee on an indefinite basis because Director Douglass expressed an even stronger interest in retaining Mr. Wilkins based on his demonstrated skills and abilities.

**15.** The University of Wyoming gave Mr. Wilkins an hourly pay increase after he converted from an intern to a non-benefitted employee.

**16.** During the entirety of Mr. Wilkins's employment with the RPC after he converted from an intern to a part-time employee, *i.e.*, from May 2017 onward, he had routinely requested the opportunity to take full-time benefitted employment with the RPC.

**17.** To wit, Mr. Wilkins and one of his supervisors, Tiffany Brooke Bishop, regularly discussed potential opportunities for his advancement.

**18.** Mr. Wilkins repeatedly expressed sincere willingness to expand to any full-time benefitted position.

**19.** Mr. Wilkins's desire to expand to full-time employment was because—

    **a.** He demonstrated exceptional skill;

    **b.** He enjoyed working for the University of Wyoming;

    **c.** He was routinely praised for his work quality, overall performance, and disposition; and

    **d.** He has suffered from a degenerative vision condition—known to the University—which made the prospect of full-time benefitted employment with the University of Wyoming more helpful for him than other positions elsewhere might have been.

20. Mr. Wilkins is a man.

21. Mr. Wilkins is a Christian.

22. Although Mr. Wilkins is of part Native American descent, he primarily identifies as white.

23. Mr. Wilkins is heterosexual.

24. Despite Mr. Wilkins's skill, enjoyment, performance in, and repeated expressions to elevate the station of his employment at the RPC, the University of Wyoming reduced his hours, denied him the opportunity to apply for various promotions, and eventually terminated him.

25. Ms. Bishop routinely praised Mr. Wilkins's work and told him many times (verbally and in writing) that she would lobby for his promotion.

26. Ms. Bishop, as a Project Coordinator and his supervisor, also told Mr. Wilkins directly in a personal meeting that he would have to find a way to "check a box"—meaning fit into a non-straight-white-male-Christian category—if he wanted to move up at the University of Wyoming.

27. It is important to note that Ms. Bishop never personally endorsed this internal discrimination at the University of Wyoming, but she unequivocally confirmed its existence.

28. By stating that Mr. Wilkins needed to "check a box," Ms. Bishop meant two things: (a) because Mr. Wilkins is a straight white Christian man—and therefore lacking in apparent diversity to satisfy internal hiring goals—his employment and promotion were impermissibly and unlawfully disfavored; and (b) if he were more willing to lean on his degenerative eye condition as a disability, she could use that to help get him promoted despite the fact that his status as a white Christian man made it difficult to lobby for him internally.

29. The University of Wyoming was already aware of and accommodating Mr. Wilkins's physical disability, which prevents him from unassisted travel, through a remote-work arrangement that started with his employment and long predated the work-from-home arrangements that became commonplace during and after the COVID-19 pandemic.

30. The gist of Ms. Bishop's statements were that once JL Wilkins had become "disabled enough," *i.e.*, once his vision condition had sufficiently degenerated, he would "check the [disabled] box" and become promotable within the internal culture of the University of

Wyoming.

31. Ironically, Ms. Bishop was promoted to the position of Senior Project Coordinator, a position which was specially made for her without considering anyone else.

32. Mr. Wilkins, based on his academic background and experience, was more than qualified to take over the full-time Project Coordinator role left empty by Ms. Bishop's elevation.

33. However, the University of Wyoming RPC summarily eliminated the Project Coordinator position.

34. Meanwhile, Mr. Wilkins's peer, H. Victoria Bryant, who had similar qualifications (*e.g.*, law degree) as Mr. Wilkins and had been doing the same job, was first promoted to be the assistant department director on an emergency basis on or about September 2018 without circulation of the job description or allowing others to apply according to standard University hiring policy and procedure which calls for a "competitive recruitment process for benefitted staff positions."

35. Although the University of Wyoming rationalized its emergency promotion of Ms. Bryant as having "utilized the proper University procedure to address [its] urgent need by executing a direct hire of an Assistant Director," the previous director had left in January 2018, a full nine months before Bryant was promoted on a so-called emergency basis.

36. The University of Wyoming's "business necessity" exception to its standard hiring policy requires a "*sudden* death, resignation, termination, or long-term illness of an incumbent occupying a position that is both time-sensitive and critical to the institution's mission." (Emphasis added.)

37. The previous director, Ms. Douglass, did not resign suddenly. She gave sufficient, if not extraordinary, notice.

38. The University's use of its business necessity exception was a pretext to hiring its preferred candidate, Ms. Bryant, without having to go through a competitive recruitment process that would have necessarily involved Mr. Wilkins (and others).

39. Thereafter, Ms. Bryant was promoted to be the interim director of the RPC under the same pretextual auspices of "business necessity,"—and then finally to be the full director of the

RPC, again without a competitive recruitment process.

40. Mr. Wilkins was, on a purely meritocratic basis, similarly qualified as Ms. Bryant to occupy the same position. Unfortunately, the way he was born, including his skin color and sex, and his solemnly held personal beliefs are not *de rigeur* enough for the University of Wyoming RPC.

41. Upon Ms. Bryant's elevation to interim director of the RPC, the assistant director position— one that Mr. Wilkins most certainly would have applied for—was summarily eliminated.

42. Ms. Bryant, as one of Mr. Wilkins's supervisors since September 2018, has repeatedly shown animosity toward him, including refusing to respond to his emails for months at a time and excluding him from meetings.

43. Ms. Bryant cut Mr. Wilkins's hours by over 90%.

44. When Mr. Wilkins refused to quit, Bryant withheld the work that filled the remaining 10%.

45. The day after Ms. Bryant was promoted to full director, the University of Wyoming fired Mr. Wilkins completely from his position with no explanation.

46. The University of Wyoming hired a chief diversity officer who required Mr. Wilkins to take diversity training in October 2019 as a condition of his employment, steeped in critical race theory ("CRT").

47. Furthermore, the University required all trainees to *agree* with this ideology before it would consider the training complete.

48. That course also requested Mr. Wilkins's feedback at its conclusion. He gave his honest feedback, in which he strenuously opposed CRT because it is the "antithesis of Dr. [Martin Luther] King's teachings," because it overtly promotes the evaluation of skin color over the content of one's character. He found the training to be blatantly racist, sexist, and bigoted.

49. Mr. Wilkins's feedback became part of his permanent employment record at the University of Wyoming.

50. Thereafter, Mr. Wilkins was never given a meaningful opportunity for advancement or promotion, in part because the University of Wyoming was committed to disallowing his advancement because of his sex, race, and religion, and in part out of retaliation for his

expression of his negative beliefs about CRT.

51. The discrimination that Mr. Wilkins has suffered at the hands of the agents of the University of Wyoming began on May 16, 2018 and continued through his termination on September 8, 2021.

52. Mr. Wilkins filed a written joint complaint with the Equal Employment Opportunity Commission (Charge #32K-2021-00072) and Wyoming's fair employment practices agency, the Department of Workforce Services (Charge #047-2021) on July 8, 2021, for discrimination on the bases of race, sex, and religion, and retaliation, attached as **Exhibit A**.

53. While this first EEOC/Wyoming FEPA investigation was ongoing, the University of Wyoming terminated Mr. Wilkins without cause and in direct response to his discrimination and retaliation complaint.

54. Thereafter, Mr. Wilkins filed a written joint complaint with the EEOC (Charge #32K-2021-00100) and Wyoming's fair employment practices agency, the Department of Workforce Services (Charge #068-2021) on November 4, 2021, for retaliation, attached as **Exhibit B**.

55. The EEOC issued Mr. Wilkins a *Notice of Right to Sue* on Charge #32K-2021-00072, which he received in hand on June 29, 2022, less than 90 days from the date of the filing of this complaint, attached as **Exhibit C**.

56. The EEOC also issued Mr. Wilkins a *Notice of Right to Sue* on Charge #32K-2021-00100, which he received in hand on June 29, 2022, less than 90 days from the date of the filing of this complaint, attached as **Exhibit D**.

57. In their official capacities, Defendants Seidel, Chestnut, Chitnis, and Bryant (and/or their official predecessors) either directed, approved, ratified, or otherwise suborned the actions and omissions of the University of Wyoming as described above in paragraphs 1–56.

## CLAIMS

58. Each claim set forth below adopts paragraphs 1–57.

### Claim I: Violation of Title VII of the Civil Rights Act of 1964
### (42 U.S.C. § 1981a & § 2000e *et seq.*)

59. The University of Wyoming's practices and actions, as set forth under paragraphs 1–57,

above, constitute unlawful employment discrimination against JL Wilkins under Title VII of the Civil Rights Act of 1964, and in particular under 42 U.S.C. § 2000e-2.

60. Based on the assistant director position the University of Wyoming unlawfully precluded JL Wilkins from applying for and obtaining, he suffered lost profits (salary) over four years of no less than $307,254.50 due to the University of Wyoming's discrimination and retaliation.

61. Furthermore, Mr. Wilkins would likely have worked for the University of Wyoming in the same position for another three years after September 2021, and thereby would have earned no less than $267,375 but for the University of Wyoming's retaliatory termination of Mr. Wilkins.

62. Mr. Wilkins is also entitled to compensatory (nonpunitive) damages of $300,000 pursuant to 42 U.S.C. § 1981a(a)(1), (b)(3)(D).

## Claim II: Violation of Wyo. Stat. § 27-9-105

63. Plaintiff also readopts paragraphs 60–61.

64. In discriminating against, retaliating against, and terminating JL Wilkins, the University of Wyoming violated the Wyoming state statute prohibiting discriminatory and unfair employment practices, *viz.* Wyo. Stat. § 27-9-105.

## Claim III: Violation of University of Wyoming Regulation 4-1

65. In discriminating against, retaliating against, and terminating JL Wilkins, the University of Wyoming violated its own regulation 4-1 prohibiting discrimination and retaliation.

## Claim IV: Violation of Title VI of the Civil Rights Act of 1964

## (42 U.S.C. § 2000d *et seq.*)

66. Plaintiff also readopts paragraphs 60–61.

67. The University of Wyoming is a "program or activity" that "receives Federal financial assistance" within the meaning of Title VI of the Civil Rights Act of 1964.

68. The University of Wyoming's practices and actions, as set forth under paragraphs 1–57, above, constitute unlawful discrimination against JL Wilkins under Title VI of the Civil Rights Act of 1964, and in particular under 42 U.S.C. § 2000d.

69. Mr. Wilkins is entitled to damages at law under § 2000d-7.

**Claim V: Violation of Title IX of the Civil Rights Act of 1964**

**70.** Plaintiff also readopts paragraphs 60–61 and 67.

**71.** The Title IX common rule broadly prohibits "discrimination in employment, or recruitment, consideration, or selection therefor, whether full-time or part-time, under any education program or activity operated by a recipient that receives Federal financial assistance."

**72.** The University of Wyoming's practices and actions, as set forth under paragraphs 1–57, above, constitute unlawful discrimination against JL Wilkins under Title IX of the Civil Rights Act of 1964.

**73.** The University of Wyoming's practices and actions, as set forth under paragraphs 1–57, above, were intentional.

**74.** Damages are available to plaintiffs for defendants' intentional violation of Title IX.

**75.** Therefore, JL Wilkins is entitled to damages for the University of Wyoming's intentional violation of Title IX.

**Claim VI: Deprivation of Fourteenth Amendment Rights pursuant to 42 U.S.C. § 1983**

**76.** Plaintiff also readopts paragraphs 60–61.

**77.** In discriminating against, retaliating against, and terminating JL Wilkins, the University of Wyoming violated his Fourteenth Amendment guarantees to equal protection under the law.

**78.** Plaintiff is entitled to redress of such violation under 42 U.S.C. § 1983.

**Claim VII: Deprivation of First Amendment Rights pursuant to 42 U.S.C. § 1983**

**79.** In retaliating against JL Wilkins for his expressive negative beliefs about critical race theory, the University of Wyoming violated his First Amendment guarantee to freedom of speech.

**80.** In denying JL Wilkins advancement in employment in part or in whole because of his Christian beliefs, the University of Wyoming violated his First Amendment guarantee to freedom of religion.

**81.** Plaintiff is entitled to redress of such violations under 42 U.S.C. § 1983.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff JL Wilkins requests that the Court:

    **A.**  Enter judgment against Defendants for each of the claims set forth above;

    **B.**  Award damages to JL Wilkins in an amount no less than $874,619.50;

    **C.**  Award interest to JL Wilkins as allowed;

    **D.**  Award attorneys' fees to JL Wilkins;

    **E.**  Award costs of this action to JL Wilkins;

    **F.**  Provide any other and further relief as this Court shall deem just and proper.

**Plaintiff demands trial by jury on all issues so triable.**


**Respectfully submitted this 19th of September, 2022.**


    /s/ *O. Shane Balloun*
_____
O. Shane Balloun (Wyoming Bar #7-4970)
o.shane@ballounlaw.com
Balloun Law Professional Corporation
355 Harris Avenue, Suite 201
Bellingham, Washington 98225
(360) 318-7778 | (360) 989-8879 (cell)
(360) 318-7798 (fax)
**Attorney for Plaintiff**

RECEIVED
(EEOC Form 5 (11/09))

JUL 08 2021  **CHARGE OF DISCRIMINATION**

LABOR - ONLY  This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| [X] FEPA | 047-2021 |
| [X] EEOC | 32K-2021-00072 |

**Wyoming Fair Employment Program**                                    and EEOC
State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Mr. Jeffrey L. Wilkins** | **(307) 399-1500** | **1974** |

Street Address                                    City, State and ZIP Code
**514 America's Way #8479, Box Elder, SD 57719**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **UNIVERSITY OF WYOMING** | **500 or More** | **(307) 766-4997** |

Street Address                                    City, State and ZIP Code
**C/O Office Of General Counsel, 1000 E. University Avenue, Dept 3434, Laramie, WY 82071**

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

Street Address                                    City, State and ZIP Code

DISCRIMINATION BASED ON (Check appropriate box(es).)

| [X] RACE | [ ] COLOR | [X] SEX | [X] RELIGION | [ ] NATIONAL ORIGIN |
|---|---|---|---|---|
| [X] RETALIATION | [ ] AGE | [ ] DISABILITY | [ ] GENETIC INFORMATION | |
| [ ] OTHER (Specify) | | | | |

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| **05-16-2018** | **02-09-2021** |
| [ ] CONTINUING ACTION | |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

**PERSONAL HARM:** I was denied a promotion. My hours were cut.

**RESPONDENT'S REASON FOR ADVERSE ACTION:** Full time benefitted employees are prohibited from working remotely and funding changes.

**DISCRIMINATION STATEMENT:** I believe I have been discriminated against on the basis of my sex, male, my sexual orientation, race, white, and religion, Christian, and retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Wyoming Fair Employment Practices Act of 1965, as amended.

Specifically:

1. I am a member of the protected groups, male, White, and Christian.

2. I engaged in protected opposition to Title VII discrimination.

3. I suffered an adverse action by the employer subsequent to or contemporaneous with the protected activity.

   a. I was denied a promotion.
   b. My hours were cut.

4. There exists a causal connection between my protected activity and the employer's actions.

RECEIVED

JUL 08 2021

State of Montana
County of __park__

This instrument was signed or acknowledged before
me on __7/6/21__ by __Jeffrey Wilkins__
(Name of signer)

_(signature)_
(Notary Signature)
[Affix seal/stamp to the left or below]

MICHAEL MCKEEN
Notary Public
for the State of Montana
Residing at:
Livingston, Montana
My Commission Expires:
November 10, 2024

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
| --- | --- |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| | SIGNATURE OF COMPLAINANT |
| __26 July 2021__                  __(signature)__ | |
| Date                        Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE |
| | (month, day, year) |
| | __7/6/21__ |

EEOC Form 5 (11/09)

## CHARGE OF DISCRIMINATION

RECEIVED

NOV 04 2021

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act
Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| [X] FEPA | 068 - 2021 |
| [X] EEOC | 32K-2021-00100 |

Wyoming Fair Employment Program                         and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| Mr. Jeffrey L. Wilkins | (307) 399-1500 | 1974 |

| Street Address | City, State and ZIP Code |
|---|---|
| 514 America's Way, #8479, Box Elder, SD 57719 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe
Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| UNIVERSITY OF WYOMING | 500 or More | (307) 766-4997 |

| Street Address | City, State and ZIP Code |
|---|---|
| c/o Office of General Counsel, 1000 E. University Avenue, Dept. 3434, Laramie, WY 82071 | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

| [ ] RACE | [ ] COLOR | [ ] SEX | [ ] RELIGION | [ ] NATIONAL ORIGIN |
|---|---|---|---|---|
| [X] RETALIATION | [ ] AGE | [ ] DISABILITY | [ ] GENETIC INFORMATION | |
| [ ] OTHER *(Specify)* | | | | |

DATE(S) DISCRIMINATION TOOK PLACE

| Earliest | Latest |
|---|---|
| 07-08-2021 | 09-08-2021 |

[ ] CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

**PERSONAL HARM**: I was discharged.

**RESPONDENT'S REASON FOR ADVERSE ACTION:** Unknown.

**DISCRIMINATION STATEMENT**: I believe I have been retaliated against in violation of Title VII of the
Civil Rights Act of 1964, as amended, and the Wyoming Fair Employment Practices Act of 1965, as
amended.

Specifically:

1. I engaged in protected opposition to Title VII discrimination;

2. I suffered an adverse employment action by the employer subsequent to or contemporaneous with my
   complaints of discrimination; and

   a. I was discharged

3. There exists a causal connection between my complaint and my employer's decision to discharge me.



RECEIVED

NOV 04 2021

***This page left blank intentionally.***

MARJORIE DILLOW
NOTARY PUBLIC - ARIZONA
MOHAVE COUNTY
COMMISSION # 605753
MY COMMISSION EXPIRES
MARCH 24, 2025

I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

01 NOV 2021 _____
Date          Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

01 NOV 2021

EEOC Form 161-B (01/2022)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To:  **Mr. Jeffrey L. Wilkins**
     **514 America's Way #8479**
     **Box Elder, SD 57719**

From:   **Phoenix District Office**
        **3300 North Central Avenue, Suite 690**
        **Phoenix, AZ 85012**

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 32K-2021-00072 | **Robin Campbell,** | **602-661-0041** |
|  | **State, Local & Tribal Program Manager** |  |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

More than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

**Equal Pay Act (EPA):** *You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.***

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

06/16/2022

Enclosures(s)

**Melinda Caraballo**
**Acting District Director**

cc:   **Phillip J. Wille**

EEOC Form 161-B (01/2022)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: **Mr. Jeffrey L. Wilkins**
**514 America's Way, #8479**
**Box Elder, SD 57719**

From: **Phoenix District Office**
**3300 North Central Avenue, Suite 690**
**Phoenix, AZ 85012**

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **32K-2021-00100** | **Robin Campbell,** **State, Local & Tribal Program Manager** | **602-661-0041** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u>** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

    More than 180 days have passed since the filing of this charge.

    The EEOC is terminating its processing of this charge.

*Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.***

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_mlc_ 06/16/2022

Enclosures(s)

**Melinda Caraballo**
**Acting District Director**

cc:

Paula Whaley, Deputy General Counsel
University of Wyoming

COMPLAINT
EXHIBIT D

WILKINS V. UNIVERSITY OF WYOMING ET AL.

1:22-CV-00204